## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

SNOWCAP, LTD. and
KATHRYN S. SINCLAIR,

                        Appellants,

v.                                          CIV. No. 98-0174 JP/LFG

YVETTE GONZALES,

                        Appellee.

## MEMORANDUM OPINION AND ORDER

The subject of this Memorandum Opinion and Order is "Appellee's Motion for Reconsideration of Order Granting Appellants' Motion for Leave to Appeal" [Doc. No. 6], filed February 27, 1998.

On January 13, 1998 Bankruptcy Judge Stewart Rose entered an Order granting the Trustee's "Motion for Leave to File First Amended Complaint." Appellants Snowcap, Ltd. and Katherine Sinclair then filed a motion for leave to appeal Judge Rose's Order, which Magistrate Judge Lorenzo Garcia granted by an Order entered February 23, 1998. The Trustee-Appellee, Yvette Gonzales, now moves to reconsider Judge Garcia's ruling.

Appeals from interlocutory decisions of the Bankruptcy Courts to a federal district court are generally governed by the standard set forth in 28 U.S.C. § 1292(b). See, e.g., North Fork Bank v. Abelson, 207 B.R. 382 (E.D.N.Y. 1997); Aquatic

Development Group, Inc. v. Thomas, 196 B.R. 666 (N.D.N.Y 1996); In re Kroh Bros.

Development Co., 101 B.R. 1000 (W.D. Mo. 1989).  28 U.S.C. § 1292(b) provides in

pertinent part:

> When a district judge, in making in a civil action an order not otherwise
> appealable under this section, shall be of the opinion that such order
> involves a controlling question of law as to which there is substantial
> ground for difference of opinion and that an immediate appeal from the
> order may materially advance the ultimate termination of the litigation, he
> shall so state in writing in such order.

Thus, the standard for a district court determining whether to grant leave for an

interlocutory appeal is: (1) whether the appeal involves a controlling issue of law; (2)

whether there is substantial ground for difference of opinion on that issue; and (3)

whether an immediate appeal from the order will materially advance the ultimate

termination of the litigation.  In re Kroh Bros., 101 B.R. at 1004.

In this case, the Order granting the Trustee leave to file an amended complaint

does not appear to involve a controlling question of law.  In addition, the appellants'

motion for leave to appeal now appears to be moot in light of Judge McFeely's Order,

entered March 18, 1998, setting aside an earlier Order granting appellants' motion for

abandonment.  As appellants stated in their Response, "[u]ntil Judge McFeely rules on

the Motion to Set Aside the October 16, 1997 Order . . . and an Order entered, if any,

setting aside his prior Order, a Motion to Amend is premature as the trusts are to be

abandoned."  Response at 2.  With the removal of the appellants' primary reason for

requesting leave to appeal the interlocutory order, I see no reason to pursue that appeal.

Appellee's Motion to Reconsider should be granted and the Order granting appellant's

leave to appeal should be vacated.

THEREFORE, IT IS ORDERED that "Appellee's Motion for Reconsideration of Order Granting Appellants' Motion for Leave to Appeal" [Doc. No. 6] is GRANTED and the "Order Granting Appellants' Motion for Leave to Appeal" [Doc. No. 5] is VACATED.  Appellants' Motion for Leave to Appeal is DENIED.


_____
UNITED STATES DISTRICT JUDGE